**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LEONEL CASTILLO CUANDO, | No. 15-71599 |
| Petitioner, | Agency No. A087-886-501 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Jose Leonel Castillo Cuando, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Castillo Cuando does not raise, and has therefore waived, any challenge to the BIA's determination that he failed to establish that the proposed particular social groups defined as 1) "persons that have been threatened by criminal organizations and whose family member has been killed by the criminal organizations," and 2) "persons who were extorted by extortionists in Mexico" are legally cognizable. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Castillo Cuando failed to show that the harm he suffered or fears in Mexico was or would be on account of a protected ground, including family membership. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We lack jurisdiction to consider Castillo Cuando's

15-71599

contentions regarding his membership in the proposed particular social group defined as "a family whose father had been killed and which has been targeted by an extortionist group" because he failed to raise this group to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Castillo Cuando's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Castillo Cuando failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief). Castillo Cuando's contention that the agency erred in denying CAT relief is unsupported by the record.

As stated in the court's August 11, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**